UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

FRANCISCO M. VAZQUEZ,

    Plaintiff,

    v.                                            CAUSE NO. 1:23-CV-269-HAB-SLC

ALLEN COUNTY JAIL, et al.,

    Defendants.

## OPINION AND ORDER

Francisco M. Vazquez, a prisoner without a lawyer, filed a complaint against the Allen County Jail and Allen County Sheriff. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Vazquez states that, on June 8, 2023, he was booked into the Allen County Jail. ECF 1 at 2. Since being booked into the jail, he alleges that he is being served a diet that does not contain sufficient calories to meet his nutritional needs. *Id*. He filed a grievance and was told that the meal plans are reviewed by a dietician. *Id*. Mr. Vazquez also contends that the inmates, who prepare meals, often steal meal trays and give them to inmates on jail blocks without supervisors. *Id*.

Because Mr. Vazquez is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (citation omitted). Among other things, detainees are held in conditions that amount to punishment when they are not provided with "reasonably adequate" food to meet their nutritional needs. *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019).

Mr. Vazquez has not described how he was harmed from the inadequate diet and has not indicated how often he was served small meal portions. Furthermore, liability under 42 U.S.C. § 1983 is based on personal responsibility, and a high-ranking official cannot be held liable for damages simply because he oversees operations at the jail or supervises other jail staff. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). There is no indication from the complaint that the Allen County Sheriff had any personal involvement in the events underlying the complaint.

Likewise, Mr. Vazquez names the Allen County Jail as a defendant, but this is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, he cannot proceed against these two defendants.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this

complaint, Mr. Vazquez may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Francisco M. Vazquez until **August 31, 2023**, to file an amended complaint; and

(2) CAUTIONS Francisco M. Vazquez if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 1, 2023.

s/ Holly A. Brady  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT